IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEROME LEE BROOKS, Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2058 |
| | § | |
| NATHANIEL QUARTERMAN, Respondent. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Jerome Lee Brooks, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas relief under 28 U.S.C. § 2254 challenging his state felony conviction. Petitioner filed a motion to excuse the exhaustion doctrine, which was abated and carried forward with the case. (Docket Entry No. 4.) Respondent filed a motion for summary judgment on the merits (Docket Entry No. 17), to which petitioner filed a response (Docket Entry No. 21).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** the motion to excuse the exhaustion doctrine, **GRANTS** summary judgment, and **DISMISSES** this action for the reasons that follow.

## I. Procedural Background

A jury found petitioner guilty of possession of a controlled substance (cocaine) under cause number 901665 in the 174th District Court of Harris County, Texas. Following his pleas of "true" to two enhancement paragraphs, the trial court sentenced petitioner to thirty years imprisonment. The conviction was affirmed on appeal. *Brooks v. State*, No. 06-03-

00073-CR (Tex. App. – Texarkana 2004, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused discretionary review. Petitioner's state habeas application was denied by the Texas Court of Criminal Appeals without a written order on December 6, 2006. *Ex parte Brooks*, No. 61,761-02.

Petitioner complains to this Court of ineffective assistance of trial and appellate counsel. Respondent argues that these grounds fail as a matter of law.

## II. Factual Background

The state appellate court set forth the following statement of facts in its opinion:

> In this case, the evidence shows that Brooks was in possession of a baggie containing a substance, and there is testimony that he was observed dropping a baggie when he realized he was being stopped by a uniformed police officer. The baggie containing the substance was retrieved and analyzed, and found to contain 7.6 grams of cocaine. There is no evidence to the contrary.

*Brooks*, at 3. The trial record shows that the first trial of this case ended in a mistrial. Petitioner was represented by the same trial counsel on retrial. During the retrial, the State introduced extraneous offense evidence showing that shortly before his arrest, petitioner sold cocaine to a confidential informant. The confidential informant was not identified and did not testify at trial.

## III. The Applicable Legal Standards

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state

adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

**IV. Ineffective Assistance of Trial Counsel**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by

counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

In the instant case, petitioner argues that trial counsel was ineffective in (1) failing to require the State to disclose the identity of its confidential informant; (2) failing to object to the State's use of the extraneous offense evidence without disclosure of the confidential informant's identity; (3) failing to request notice from the State of its intent to use extraneous offense evidence or to obtain a copy of its witness list; and (4) failing to call as a defense witness police officer Barry Johnson.

Trial counsel submitted an affidavit to the state court on collateral review, in which he testified in relevant part as follows:

> In the weeks leading up to the second trial I had several conversations with the State regarding how the second trial would be conducted. It was during this time that I learned of the State's intent to offer testimony regarding the extraneous delivery offense. The State and I discussed back and forth our positions regarding the admissibility of this offense. It was because of the State's intent to offer this testimony that I prepared my objection to this

> testimony. It was at my request that Judge Robert D. Jones, who served as a visiting judge for the 174th District Court during the week of this trial, agreed to hear evidence outside the presence of the jury regarding the admissibility of the extraneous offense evidence and the disclosure of the confidential informant's identity.
>
> A hearing outside the presence of the jury was conducted. Testimony was heard from the officers involved. Over my many objections, Judge Jones allowed the extraneous delivery offense evidence. He also denied my demand to have the State disclose the identity of the informant. I made my objections to the Court's rulings as detailed as possible to preserve the record for appellate review. In examining the facts of this case, and the law applicable to the issues raised regarding the disclosure of the identity of the confidential informant, it was my opinion that there was no requirement for me to request an in camera hearing on that issue. I didn't feel such a hearing was needed or required.
>
> As part of my preparation for trial I obtained copies of the State's subpoena list for both trials. The subpoena list included the names of the witnesses called by the State. In addition, these are matters which are covered in the Court's standard discovery order, which is signed by the Court at the pretrial motion setting.
>
> Officer Barry Johnson testified at the first trial of this case. Officer Johnson was the uniformed officer who placed [petitioner] under arrest. Officer Johnson was a State's witness. I do not know why the State decided not to call him as a witness. There was no need for me to call him as a witness on behalf of [petitioner]. [Petitioner] and I discussed many times our belief that there was insufficient evidence to convict him of the offense of possession of a controlled substance. It was for that reason that he and I agreed that we would rest our case right after the State rested. We did not want to do anything that would waive any appellate issues, especially the issue of insufficient evidence.

*Ex parte Brooks*, pp. 75-76.

The trial record shows that during trial and outside the presence of the jury, the State elicited testimony from narcotics officer Kevin Breen that prior to petitioner's arrest, Officer Breen sent his confidential narcotics informant to the scene of the offense to buy crack

cocaine. The informant made the purchase and identified the seller (petitioner) to Officer Breen. The informant also told Officer Breen that the seller was holding a plastic bag with more cocaine. S.F. Vol. 8, pp. 3-7. Defense counsel objected to Officer Breen's proposed hearsay testimony of what the confidential informant told him, and argued that without disclosure of the confidential informant's identity, the testimony was inadmissible under Texas Rules of Evidence Rule 508. Counsel further objected that the evidence was highly prejudicial and inadmissible under Rule 403. *Id.* at 8-9. The trial court overruled the objections and allowed Officer Breen to testify that petitioner sold cocaine to a confidential informant a few minutes before his arrest for possession of cocaine. On direct appeal, the state court of appeals affirmed the conviction and rejected petitioner's argument that the extraneous offense evidence was inadmissible under state law.

In rejecting petitioner's arguments of ineffective assistance of trial counsel, the state habeas court found counsel's affidavit "true" and that "[t]he totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of counsel in trial and on direct appeal[,]" and denied relief on this issue. *Ex parte Brooks*, p. 79. Because the record shows that trial counsel did object to the extraneous delivery evidence and the non-disclosure of the confidential informant's identity, petitioner fails to establish deficient performance under *Strickland.*

Nor does petitioner establish his claims that counsel was deficient in failing to request notice from the State of its intent to use extraneous offense evidence or to obtain a copy of

its witness list, or in failing to call as a defense witness police officer Barry Johnson. Counsel testified in his affidavit that he was aware weeks before trial that the State intended to introduce evidence of the extraneous delivery offense, and that he and the State had numerous discussions regarding its admissibility. Counsel further testified that as part of his pretrial preparation, he obtained copies of the State's witness subpoena list, which identified the witnesses called by the State at trial. Counsel also testified that he had no need to call Officer Johnson as a defense witness, and that it was part of the agreed trial strategy to rest after the State rested. *Ex parte Brooks*, pp. 75-76. Petitioner presents no probative evidence to the contrary.[1]

This Court's independent review of Officer Johnson's testimony from the mistrial record supports counsel's reasonable trial strategy. Office Johnson testified that because of his position and location during petitioner's arrest, he was unable to see whether petitioner had dropped anything. S.F. Vol. 3, p. 61. Officer Johnson was unable to see petitioner's hands. *Id.* at 71. As Officer Johnson was unable to testify that petitioner did or did not drop the plastic baggie of cocaine, petitioner does not establish that counsel's informed decision not to call him during retrial was deficient or prejudicial under *Strickland*.

---

[1] This Court notes that to whatever extent it may be relevant, petitioner acknowledged in his response to the state habeas court that he "agrees with the respondent in regards to the ineffective assistance claims against **trial** counsel but completely disagrees with respondent with regards to his ineffective assistance of **Appellate** counsel claims." *Ex parte Brooks*, p. 60 (emphasis in original).

The state habeas court rejected petitioner's claim of ineffective assistance of trial counsel. The Texas Court of Criminal Appeals relied on the trial court's findings in denying habeas relief. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

**V. Ineffective Assistance of Appellate Counsel**

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts that, if proven, would show that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. *See Strickland*, 466 U.S. at 687-88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts*, 469 U.S. at 394; *West*, 92 F.3d at 1396. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690-91.

In the instant case, petitioner argues that appellate counsel was ineffective in (1) failing to raise ineffective assistance of trial counsel; (2) failing to raise abuse of discretion by the trial court in not requiring disclosure of the confidential informant's identity; and (4) failing to challenge the State's failure to prove the extraneous delivery offense. Because this Court did not find ineffective assistance of trial counsel under the arguments raised by petitioner, appellate counsel was not ineffective in raising such arguments. Regardless, petitioner was not precluded from raising these claims on collateral review. To the contrary, these arguments were presented to and rejected by the state court on collateral review.

Further, the record shows that appellate counsel did challenge both the sufficiency of the evidence to support the conviction and the admissibility of the extraneous offense evidence. To the extent petitioner complains that appellate counsel should have challenged the trial court's refusal to require disclosure of the confidential informant's identity, he presents no relevant legal support for his underlying argument that such disclosure was required. Petitioner fails to show that but for counsel's failure to raise this issue on appeal, there is a reasonable probability that his conviction would have been reversed.

Equally unfounded is his complaint that appellate counsel should have challenged the sufficiency of the extraneous offense evidence. Underlying petitioner's claim is that the extraneous offense evidence was inadmissible under state law. As already noted, the state court of appeals rejected petitioner's inadmissibility argument. Further, the trial record

shows that prior to the State's presentation of the extraneous offense evidence, the trial court orally instructed the jury that:

> [Y]ou may hear some evidence about the defendant committing alleged offense[] or offenses other than the offense alleged against him in the facts of this case. You cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense[] or offenses, if any. And even then you're only to consider the same in determining the motive, opportunity, intent, preparation, plan, identity or absence of mistake or accident of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose.

S.F. Vol. 8, p. 10. This instruction was repeated in the trial court's written jury charge. Clerk's Record at 94. Accordingly, the jury twice was instructed to consider the extraneous offense only if proved beyond a reasonable doubt and only then for purposes other than establishing guilt of the primary offense. Petitioner fails to show that state law provides for legal and factual sufficiency challenges to extraneous offense evidence introduced during guilt-innocence, and that but for appellate counsel's failure to raise such an issue, there is a reasonable probability that his conviction would have been reversed. Petitioner shows neither deficient performance nor prejudice under *Strickland.*

The state habeas court found that "[t]he totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of counsel in trial and on direct appeal[,]" and denied relief on this issue. *Ex parte Brooks*, p. 79. The Texas Court of Criminal Appeals relied on this finding in denying habeas relief. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable

application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

## VI. Conclusion

Petitioner's motion to excuse the exhaustion doctrine is **GRANTED**. (Docket Entry No. 4.) Respondent's motion for summary judgment (Docket Entry No. 17) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any other pending motions are **DENIED AS MOOT**.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on this 16th day of July, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE